UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERMAINE L. S., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | CASE NO. 2:26-CV-951-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of his application for supplemental security income ("SSI").[1] The Court concludes that the Administrative Law Judge ("ALJ") committed harmful error by failing to fully develop the record when evaluating Plaintiff's claim for disability. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

//

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

**I. Procedural History**

Plaintiff filed his application for SSI on March 22, 2023, alleging disability as of February 1, 2015. Administrative Record ("AR") 112. His claim was denied initially on August 15, 2023, and upon reconsideration on June 14, 2024. AR 112, 118. A hearing was held before ALJ Brian M. Steger ("the ALJ") on March 4, 2025, who issued a decision denying Plaintiff's claim on March 10, 2025. AR 39. The Appeals Council denied Plaintiff's request for review on January 26, 2026, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on March 23, 2026, seeking judicial review of the ALJ's decision denying benefits. Dkt. 4.

**II. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff argues that the ALJ erred by "interpret[ing] raw medical data when forming the RFC and should have ordered a consultative mental examination." Dkt. 10 at 1. Specifically, Plaintiff argues that "the state agency psychological consultants determined that there was insufficient evidence to form an opinion related to Plaintiff's mental RFC and found that Plaintiff needed to undergo a consultative examination[,]" but "[i]nstead of ordering a consultative examination to assess the impact of Plaintiff's mental impairments on his ability to work, the ALJ did not do so." Dkt. 10 at 8.

An RFC is "the most the claimant can still do despite the claimant's limitations" and "is based on all relevant medical and other evidence in the claimant's record," including medical records, medical source statements, and symptom testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1097 (9th Cir. 2014) (brackets and internal quotation marks omitted) (quoting 20 C.F.R. §§ 404.1545(a)(1), 404.1520(e)). The responsibility for making an RFC determination is within the purview of the ALJ. 20 C.F.R. §§ 404.1546(c), 416.946(c).

In making an RFC determination, the ALJ does not have to reflect any particular provider's medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *see also Howell v. Kijakazi*, No. 20-cv-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022) (observing that an ALJ's RFC determination "need not reflect any particular provider's opinion precisely."). In fact, "[t]here is no requirement that the ALJ rely upon a medical opinion in formulating the RFC . . . [and] the decision whether to order a consultative examination is generally a discretionary one." *Ganz v. Comm'r of Soc. Sec.*, No. 2:25-cv-00345-GJL (W.D. Wash. Sep. 4, 2025) (citing *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)).

Nonetheless, an ALJ has "an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (internal quotation marks and citations omitted). "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill [like Plaintiff] and thus unable to protect [their] own interests." *Id.* An ALJ "may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.*

Here, state agency medical consultant, Dr. Royce V., and state agency psychological consultant, Dr. Leslie P., evaluated Plaintiff's claim for disability at the initial stage. AR 115–16. According to Drs. Royce V. and Leslie P., there was "[i]nsufficient evidence available. [Plaintiff] has not responded to requests for further information. CE's [consultative examinations] *necessary* to evaluate current severity. Due to FTC [failure to comply], IE [insufficient evidence] to rate [Plaintiff] at this time." *Id.* (emphasis added).

Plaintiff argues that, because "additional evidence was submitted after both [consultant]'s reviews[,] [c]larification on Plaintiff's mental health impairments and resulting limitations was clearly needed, and a consultative examination would have done just that" because "the record is devoid of any assessment from a medical source that reviewed the entire record concerning the severity of Plaintiff's mental impairments and how they relate to Plaintiff's RFC." Dkt. 10 at 9.

As Defendant notes, "the Commissioner has broad latitude in ordering a consultative examination" and "is not required to bear the expense of an examination for every claimant." *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). Nonetheless, in the present case, the state agency medical and psychological examiners determined that consultative examinations were

"necessary" to evaluate the current severity of Plaintiff's psychological impairments. AR 115–16. Although Plaintiff's counsel, at the hearing, conceded that "[t]he record is complete, Your [H]onor[,]" AR 67, and submitted a notice indicating that "[a]ll known medical evidence has been submitted[,]" AR 380, the Court, nonetheless, notes that the ALJ has an *independent* duty to fully and fairly develop the record. *See Tonapetyan*, 242 F.3d at 1150. In this case—particularly in light of Plaintiff's schizophrenia diagnosis and active medication regiment in the period at issue, coupled with the fact that both state agency psychological consultants opined that consultative examinations were *necessary*—the Court concludes that the ALJ erred by failing to fully and fairly develop the record by obtaining a medical opinion as to how Plaintiff's psychological impairments impact his ability to work during the period at issue.[2] AR 389,

Applying the harmless error analysis, had the ALJ fully and fairly developed the record by ordering a consultative examination, the ALJ would have had the benefit of a medical expert's opinion regarding any functional limitations due to mental impairments when formulating Plaintiff's RFC, resulting in a different RFC. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand this matter for further proceedings consistent with this order.

//

//

//

//

[2] The Court observes that, in evaluating Plaintiff's mental functioning, the ALJ concluded that Plaintiff had "mild" limitations in all categories. AR 28–29. The ALJ was without the benefit of *any* medical opinion regarding Plaintiff's mental functioning in these areas, whatsoever, when making these findings. Although there is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work[,]" *Farlow*, 53 F. 4th at 488, in this case, a consultative examination, in the state consultants' words, was "necessary." AR 115–16.

## IV. Conclusion

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**.

Dated this 26th day of August, 2026.

David W. Christel
United States Magistrate Judge